IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
TERRIJANA BARFIELD,            )
                               )
              Plaintiff,       )          8:13CV260
                               )
        v.                     )
                               )
ETTA GRAVES, et al.,           )          MEMORANDUM OPINION
                               )
              Defendants.      )
_____)
```

Plaintiff filed her complaint in this matter on August 21, 2013 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 5). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   SUMMARY OF COMPLAINT

Plaintiff filed her complaint against Etta Graves, Lesley Douglas, Jane Does, Judge Barret, and Joseph Nant (Filing No. 1 at CM/ECF p. 1). Plaintiff's allegations are nearly indecipherable. As best as the Court can tell, plaintiff alleges that she "filed for pro se" in two criminal cases in the County Court of Douglas County, Nebraska. (*Id.* at CM/ECF p. 1.) Thereafter, Defendant Lesley Douglas, a county administrator, appointed an attorney to represent plaintiff in the cases. (*Id.*) As relief, plaintiff seeks $100,000,000.00 in damages, and for

Defendants to be enjoined from violating her constitutional rights. (*Id.* at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be

construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**III. DISCUSSION OF CLAIMS**

The Court has carefully reviewed the complaint. As set forth above, plaintiff's allegations are nearly impossible to decipher. The allegations which the Court can decipher do not nudge any claim across the line from conceivable to plausible. Plaintiff does not set forth any specific actions taken by Defendants which violate any constitutional right or support a claim under 42 U.S.C. § 1983. In short, plaintiff does not allege that Defendants deprived her of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West*, 487 U.S. at 48; *Buckley*, 997 F.2d at 495. Even with the most

-3-

liberal construction, plaintiff's complaint does not include "sufficient facts to support the claims advanced," and is, at best, frivolous. Stringer v. St. James R-1 School Dist., 446 F.3d 799, 802 (8th Cir. 2006).

Further, to the extent plaintiff requests injunctive relief in the form of an order requiring Defendants to allow her proceed in state court without the assistance of an attorney, this Court will not grant such relief. Indeed, this Court is mindful of its obligation to promote comity between state and federal judicial bodies and will "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." Aaron v. Target Corp., 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005) (quoting Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir.1996)). Here, plaintiff has not alleged, nor demonstrated, that the Douglas County, Nebraska, criminal court proceedings will not provide her with the opportunity to raise any potential

-4-

constitutional claims.  Thus, even if plaintiff stated a claim for relief, which she does not, the Court would abstain from exercising jurisdiction over plaintiff's claim.

Plaintiff's complaint fails to state a claim upon which relief may be granted and will be dismissed without prejudice pursuant to [28 U.S.C. § 1915(e)(2)](#).  A separate order and judgment will be entered in accordance with this Memorandum Opinion.

DATED this 5th day of November, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.